J-S73002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK MICHAEL MERRICK | : | |
| | : | |
| Appellant | : | No. 1875 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 3, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000185-2017

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 11, 2020**

Appellant, Patrick Michael Merrick, appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County on October 3, 2018. In addition, Appellant's counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the procedural history of this case as follows:

On September 7, 2017, the court accepted [Appellant's] guilty plea to count one, Retail Theft, 18 Pa. [C.S. §] 3929(A)(1), a misdemeanor of the first degree (M-1). [Appellant] was immediately sentenced to probation for eighteen (18) months which was [o]rdered to run concurrent to any sentence he was then currently serving.

[Appellant's] probation was supervised by the Pennsylvania Board of Probation and Parole. By letter dated September 5, 2018, his supervising probation agent forwarded to the court a document titled "Notice of Charges and Hearing" which alleged that he violated the conditions of his probation. Subsequent to that, [Appellant] waived his Gagnon I hearing and we scheduled a Gagnon II hearing.[1] On October 3, 2018, [Appellant] and his counsel appeared before the court. At that hearing, [Appellant] admitted that he violated the condition which directed that he refrain from the unlawful possession, use or sale of narcotics and other illegal drugs. At the conclusion of the hearing, [w]e then resentenced [Appellant] to a term of incarceration in a State Correctional Facility for not less than twelve (12) months to no more than twenty eight (28) months. [Appellant] was advised of his [a]ppellate rights [as] well as his post-sentence rights, and was remanded.

On November 7, 2018, [Appellant's] counsel filed a Motion to reinstate [Appellant's] [a]ppellate rights. We granted counsel's request by Order dated November 7, 2018. A Notice of Appeal was filed on November 8, 2018, and on November 20, 2018, we ordered [Appellant] to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and requested the Commonwealth to respond thereto. [Appellant's] counsel thereafter filed a Concise Statement on December 11, 2018. The Commonwealth has not filed a response. Pursuant to Pa.R.A.P. 1925(a), this matter is now ripe for an Opinion from this Court.

Trial Court Opinion, 5/24/19, at 1-2 (internal citations omitted). Appellant's

counsel filed a petition to withdraw as counsel and an **Anders** brief on

October 22, 2019.

---

[1] Due process requires that a probationer be given a preliminary (**Gagnon I**) and a final (**Gagnon II**) hearing prior to revoking probation. **Commonwealth v. Knoble**, 42 A.3d 976, 978 n.1 (Pa. 2012) (citing **Gagnon v. Scarpelli**, 411 U.S. 778 (1973)). The **Gagnon** decision has become the common moniker for both parole and probation revocation proceedings. **Commonwealth v. Stafford**, 29 A.3d 800, 801 n.1 (Pa. Super. 2011).

Before we address Appellant's question raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* (internal citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel asserts that he sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that he could represent himself or retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the

appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel's brief is compliant with *Santiago*. It sets forth the procedural history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. *Anders* Brief at 7-14. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. *Id.* at 8, 10, 12-13. Satisfied that counsel has met the technical requirements of *Anders* and *Santiago*, we proceed with our independent review of the record and address the issues presented on Appellant's behalf.

Appellant presents the following issue in his *Anders* Brief: "Whether the trial court abused its discretion when it imposed a state sentence of total confinement, following revocation of probation, for an aggregate term of 12 months to 28 months for a technical violation of the conditions of his probation?" *Anders* Brief at 2. Appellant's issue challenges the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

- 4 -

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 708; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id***. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

Here, the first two requirements of the four-part test are met: Appellant filed a timely appeal, and Appellant preserved the issue of imposition of an excessive sentence in his post-sentence motion. ***Moury***, 992 A.2d at 170. In the non-***Anders*** context, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015). Where counsel files an ***Anders*** brief, however, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. ***Zeigler***, 112

A.3d at 661. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous.

Therefore, we next address whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the sentencing court. Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. **Id**. This Court has held that "[o]n appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation." **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000). Because Appellant has presented a substantial question, we proceed with our analysis.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. **Cartrette**, 83 A.3d at 1033–1034 (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited

to validity of proceedings and legality of sentence, this Court's scope of review on appeal from revocation sentencing can also include discretionary sentencing challenges). "[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006).

Additionally, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1-3); *Fish*, 752 A.2d at 923.

Furthermore, because sentencing guidelines do not apply to sentences imposed following a revocation of probation, we are guided by the provisions of 42 Pa.C.S. § 9721, which state the general standards that a court is to apply in sentencing a defendant. *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006).

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Id.* In addition, in all cases where the court "resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721. Guided by these standards, we must determine whether the court abused its discretion by imposing a "manifestly excessive" sentence that constitutes "too severe a punishment." *Ferguson*, 893 A.2d at 739. Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" *Moury*, 992 A.2d at 171.

In its Pa.R.A.P. 1925(a) opinion, the trial court provided the following explanation for imposition of Appellant's sentence:

In the instant matter, following the conduct of a hearing, we stated on the record that [Appellant's] sentence of total confinement for a period of no less than twelve (12) months was warranted to vindicate the authority of the court. In reaching that conclusion, we observed that at the time of [Appellant's] original

sentence he was serving a sentence in a State Correctional Institut[ion] (SCI) on an unrelated case. We [o]rdered his original sentence run concurrently with any sentences that he may have then been serving. Thus, part of [Appellant's] probationary sentence was served while he was incarcerated for other offenses.

It was the occasion of his release from incarceration which led [Appellant] to violate probation. At the revocation hearing, [Appellant] testified that he was released from prison on August 24, 2018, after maxing out a sentence in a State Prison. By his own admission, [Appellant] was released from prison on Friday, but elected to report to probation the following Monday where he apparently advised his supervising probation officer that he "spent the weekend in a hotel, drinking, using molly (MDMA), smoking marijuana and taking pills with strippers." A urine sample from [Appellant] was tested and confirmed his statements about using drugs. Given that [Appellant] willfully went to a hotel and used a variety of illegal drugs almost immediately after he was released from state prison after maxing out that sentence, it was clear to the court that . . . he was not sufficiently rehabilitated. In light of the foregoing, continuing [Appellant's] probation was not an adequate means to attempt reform and rehabilitate him and a period of total confinement was essential to vindicate the authority of the court.

Trial Court Opinion, 5/24/19, at 4-5 (internal citations omitted).

At the time of resentencing, the trial court made the following statement

regarding Appellant's sentence:

I will revoke and resentence [Appellant] on the retail theft count before me. On that count, the [c]ourt is going to sentence [Appellant] to a minimum of 12 months to a maximum of 28 months to be served in a state correctional institution. I will run that concurrent with the other sentence he's now serving. I'm giving you the benefit of running that concurrent since apparently you have fessed up and knowing the nature of the offense before me but you simply have a bad history of complying with sentences as has been previously outlined. Pay all costs as was previously ordered on this case. You are to pay the restitution of $640 to LensCrafters; undergo appropriate drug and alcohol evaluations and comply with all recommended treatment; refrain from drugs or alcohol unless prescribed by a physician; don't frequent places

serving alcohol or associate with anyone using drugs or alcohol. Again, the [c]ourt feels this sentence is appropriate to uphold the integrity of the [c]ourt's order and given his clear violation of those prior orders.

* * *

Just so we are clear, the [c]ourt did feel that a period of confinement was warranted in this case in order to vindicate the authority of the [c]ourt given [Appellant's] violation of his probationary sentence and his continual violation of these type[s] of sentences.

* * *

I think [Appellant] needs to serve the sentence that was imposed and hopefully get a longer period of supervision and structure and to address his substance abuse and other issues. . . .

N.T., 10/3/18, at 5-7.

It is undisputed that Appellant violated the terms of his probation by conduct indicating that it was likely that he would commit additional crimes if he was not imprisoned. N.T., 10/3/18, at 2-7. As a result, the trial court had authority to resentence Appellant to total confinement pursuant to 42 Pa.C.S. § 9771(c)(2). Additionally, the trial court had authority to resentence Appellant to total confinement pursuant to 42 Pa.C.S. § 9771(c)(3) in order to vindicate its authority as a result of Appellant's probation violation.

Furthermore, the court had authority to impose any sentence that was available to it at Appellant's original sentencing. Appellant's sentence following probation revocation of twelve to twenty-eight months of

incarceration[2] was within the purview of sentencing parameters available to the trial court when it initially sentenced him. *See* 18 Pa.C.S. § 1104(1) (providing maximum sentence of confinement of five years for conviction of misdemeanor of the first degree). Thus, the trial court's resentencing of Appellant to a maximum of twenty-eight months was not an abuse of discretion.

In sentencing Appellant, the trial court also considered the factors of 42 Pa.C.S. § 9721, including Appellant's rehabilitative needs. The trial court stated on the record the factors that led it to impose the probation-revocation sentence. Further, because the sentencing court had the benefit of a PSI report, there is a presumption that the court was aware of Appellant's history and needs and weighed those factors in sentencing Appellant. N.T., 10/3/18, at 6-7; *Moury*, 992 A.2d at 171. Therefore, the sentence imposed by the trial court does not constitute an abuse of discretion, and we agree with counsel that Appellant's assertion that the sentence was unduly harsh and excessive is without merit.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018)

---

[2] No credit for time served was awarded on this probation-revocation sentence because Appellant had been awarded credit for time served on a separate conviction. N.T., 10/3/18, at 4.

- 11 -

(*en banc*). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2020